## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:        **DANNY HALL AND JUDY HALL**                                    **CHAPTER 7**
              **Debtors**                                            **CASE NO. 11-03139-EE**

### MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §363 TO SELL
### REAL PROPERTY OF DEBTOR JUDY HALL, OUTSIDE THE ORDINARY
### COURSE OF BUSINESS FREE AND CLEAR OF LIENS, CLAIMS
### <u>AND INTERESTS AND FOR OTHER RELIEF</u>
### (Tract of land - City of Pearl, Rankin County, Mississippi)

COMES NOW Judy Hall, one of the Debtors herein ("Debtor Judy Hall"), and files this her

Motion for an Order Pursuant to 11 U.S.C. §363 to Sell Real Property of Debtor Judy Hall, Outside

the Ordinary Course of Business, Free and Clear of Liens, Claims and Interests and for Other Relief

(Tract of land - City of Pearl, Rankin County, Mississippi) (the "Motion"), and in support thereof,

would respectfully show unto the Court as follows, to-wit:

1.        This Court has jurisdiction of the subject matter herein and the parties hereto

pursuant to 28 U.S.C. §§157 and 1334; 11 U.S.C. §§105, 361, 363, 365, 1107 and related statutes

and rules, as well as various orders of reference.  This is a core proceeding.

2.        On September 8, 2011, the Debtors filed their Voluntary Petition for reorganization

with this Court under Chapter 11 of the Bankruptcy Code.  The case was converted to a Chapter 7

on April 1, 2014.  Eileen N. Shaffer was appointed the Chapter 7 Trustee.

3.        Debtor Judy Hall has an interest in the real property located in the City of Pearl,

Rankin County, Mississippi (the "Real Property").  The Real Property is more particularly described

in the Contract of the Sale and Purchase of Real Estate (the "Sale Contract"), a copy of which is

attached, incorporated by reference and marked as **<u>Exhibit "A"</u>**.

4.      In September 2017, the Sellers received an offer for the Real Property from Heritage Hospitality Group, LLC (the "Purchaser") in the amount of $20,000.00 (the "Purchase Price") which is to be paid by an earnest money payment in the amount of $1,000.00 within ten (10) days of the execution of the sales contract, with the remaining balance of the Purchase Price payable at Closing.  The Sale Contract contains details of the Purchaser's offer to purchase the Real Property.

5.      The Sellers, in the exercise of their best business judgment, have made the business judgment decision to accept the offer to sell the Real Property to the Purchaser and therefore, Debtor Judy Hall seeks the Court's approval to sell the Real Property to the Purchaser. To the extent it is necessary for the Chapter 7 Trustee to execute any sale documents in connection with the sale of the Real Property, the Motion seeks approval of that requirement as well.  Debtor Judy Hall has made her request of the Chapter 7 Trustee to move forward, in her Chapter 7 Trustee capacity, to sell the Real Property since the Real Property is just "sitting there".  The Chapter 7 Trustee did not undertake to sell the Real Property within the time frame outlined by Debtor Judy Hall's demand, and, as a result, standing to sell the Real Property now lies with Debtor Judy Hall subject, of course, to objections of creditors and parties in interest in this case.

6.      The Purchaser is not an insider of the Debtor.   The Real Property's current market value is approximately the same as the Purchase Price.

7.      The Purchase Price, in the exercise of Debtor Judy Hall's best judgment, is fair and reasonable, the Purchaser is a good faith purchaser, and the sale of the Real Property is in the best interests of the Debtors, all creditors and all parties-in-interest.  The sale of the Real Property is justified, as it will further the liquidation of the Debtors' assets.

8.      Debtor Judy Hall seeks authority of the Court to be able to sell her individual interests that she owns in and to the real property and to execute such deeds, transfer of title or other related documents which are reasonably necessary to consummate and close the sale of the Real Property.

9.      There are no consensual secured claims or liens in and to the Real Property. Upon information and belief, other than ad valorem tax claims, there are no other valid liens, claims and security interests in, to or upon the Real Property.

10.     Counsel for the Debtors has had to expend a significant amount of time with respect to the Motion.   Further, but for the efforts of Debtors' counsel, the Real Property could not be sold, and certainly could not be sold in as timely a fashion, thereby increasing Debtor Judy Hall's "costs of carrying" the Real Property.  Thus, as a result, the sale proceeds should be "surcharged" for payment of Debtors' counsel's fees and expenses associated therewith and associated with the sale of the Real Property.

11.     Other grounds to be assigned upon a hearing hereof.

WHEREFORE, PREMISES CONSIDERED, Debtor Judy Hall respectfully prays that this Honorable Court will, upon a hearing hereof, enter its order granting the Motion.  Debtor Judy Hall prays for other such general and specific relief as this Court may deem just.

DATED, this the ⎯15⎯ day of December, 2017.

Respectfully submitted,

JUDY HALL

By Her Attorneys,

LAW OFFICES OF CRAIG M. GENO, PLLC

By: _____
Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Jarret P. Nichols; MSB No. 99426
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
jnichols@cmgenolaw.com

N:\Firm Data\Users\Bankrupt\Hall, Denny-Judy\Pleadings\Sales\Pearl, MS Property\Mot to Sell Pearl Property 12-12-17.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via Notice of Electronic Filing, a true and correct copy of the above and foregoing to the following:

Eileen N. Shaffer, Esq.
Chapter 7 Trustee
eshaffer@eshaffer-law.com

Ronald McAlpin, Esq.
Ronald.McAlpin@usdoj.gov

THIS, the ⎯15⎯ day of December, 2017.

_____
Craig M. Geno

-4-

## CONTRACT OF THE SALE AND PURCHASE OF REAL ESTATE

**JUDY B. HALL,** as attorney-in-fact for **JOE BRASSELL,** pursuant to that certain Power of Attorney dated November 18, 2015, recorded in Book 2015 at Page 2862, in the office of the Chancery Clerk of Rankin County, Mississippi, **JAMES BRASSELL, JUDY B. HALL,** and **EILEEN N. SHAFFER,** Trustee and Attorney for the Bankruptcy Estate of Judy B. Hall, Case No. 11-03139-EE, in the United States Bankruptcy Court for the Southern District of Mississippi, as their interests may appear, (hereinafter referred to as "Seller"), hereby sells to **HERITAGE HOSPITALITY GROUP, LLC,** a Mississippi limited liability company, or its designee, (hereinafter referred to as "Buyer"), and Buyer hereby purchases the hereinafter described Property from Seller on the term and conditions set forth below:

1.      DESCRIPTION: The description is a tract of land located near the northwest corner of the intersection of Pearson Road and Riverwind Drive in the City of Pearl, Rankin County, Mississippi, together with all improvements, easements and appurtenances relating to the Property, more particularly described on **Exhibit A** attached hereto (hereinafter referred to as "Property"). A general depiction of the Property is shown on **Exhibit B** attached hereto and made a part herein by reference. The final description may be determined by Survey, as provided in Paragraph 6.

2.      PRICE: The Purchase Price of the property is: $20,000.00.  The Purchase Price shall be payable as follows:

      a.      Earnest Money; and

      b.      Purchaser will pay the balance of the Purchase Price at Closing, payable by wire transfer of immediately available funds.

3.      TAXES: The ad valorem taxes for the current year will be prorated between the Buyer and Seller as of the date of Closing.

4.      INSURANCE: Seller is to maintain insurance on the Property through the Closing.

5.      TITLE: At Closing, Seller shall deliver to Buyer good and marketable title to the Property, free and clear of all liens and encumbrances and zoning and/or subdivision violations. Buyer shall have until the expiration of the Due Diligence Period (as defined herein) during which to examine title to the Property, cause a national title insurance company selected by Buyer (the "Title Company") to deliver an ALTA form title commitment prepared by Escrow Agent (the "Title Commitment") and to advise Seller in writing of any defects or objections affecting the title to the Property or the use thereof by Buyer disclosed by such title examination and/or the Survey. From time to time, Buyer may update the effective date of such title examination or Survey and give notice to Seller of all defects or objections appearing subsequent to the effective date of its previous title examination or Survey, as the case may be.

The Seller is to cure any defects of objections which can be cured within ten (10) days of notice from the Buyer. If Seller fails to remove and discharge any such title objection then Buyer may either: (i) terminate this Contract, whereupon the Earnest Money shall be immediately

EXHIBIT
"A"

delivered to Buyer; (ii) proceed to close the purchase of the Property; or (iii) seek other remedies allowed herein.

6.     FORM OF DEED: At Closing, and upon payment of the Purchase Price, Seller shall convey title to the Property to Buyer by general warranty deed free and clear of all liens and encumbrances, except as set forth in Paragraph 5 above.  Seller should, prior to closing, satisfy all outstanding mortgages or deeds of trust affecting the Property.  Buyer may obtain a survey of the Property (the "Survey"), which Survey shall show by metes and bounds the perimeter boundaries of the Property.  If the legal description of the Property set forth on **Exhibit A** hereof shall differ from the legal description set forth on the Survey, Seller shall, at the request of Buyer, deliver a quitclaim deed to Buyer at the Closing based upon the legal description drawn from the Survey.

7.     SPECIAL LIENS: Seller to pay all outstanding special liens or assessments at closing.

8.     CLOSING AND POSSESSION: The consummation of the purchase and sale in accordance herewith (the "Closing") shall be coordinated by Randall, Segrest, Weeks, Reeves & Sones, PLLC (the "Escrow Agent"), within thirty (30) days after the expiration of the Due Diligence Period referenced herein and after Buyer receives a non-appealable order satisfactory to Buyer, in Buyer's sole discretion, from the appropriate court, concerning which appeal period has run, authorizing the sale and conveyance of the Property to Buyer free and clear of all liens and encumbrances except those approved by Buyer in writing.  In the event Seller is unable to produce the aforementioned order in a reasonable time to be determined by Buyer, Buyer shall have the option to terminate this Contract and receive an immediate refund of its earnest money.  Each party further agrees, upon request by the other party, to cooperate in arranging for an escrow Closing, whereby the Closing documents shall be delivered to the Escrow Agent, thereby obviating the need for representatives of Seller or Buyer to attend the Closing.

9.     EARNEST MONEY: Within ten (10) days of the execution of this Contract, Buyer shall deliver to Escrow Agent (as hereafter defined) the amount of One Thousand and no/100 Dollars ($1,000.00) (the "Earnest Money") to be deposited in a noninterest-bearing account and applied toward the Purchase Price at Closing, or disbursed to Seller or Buyer, according to the terms and conditions of this Contract.  If the title is acceptable, this Deposit is to apply on the cash payment, if the Buyer consummates the sale; if the title is not acceptable to Buyer or if the sale is not consummated through no fault of Buyer or the Contract terminated as permitted hereunder, the Earnest Money is to be applied as set forth in Paragraph 16(d) hereinbelow and this Contract shall be null and void.  In the event of any dispute as to who is entitled to receive the Earnest Money, Escrow Agent shall have the right to retain the Earnest Money and disburse it in accordance with the final order of a court of competent jurisdiction or to deposit the Earnest Money with said court, pending a final decision of such controversy.

10.     BROKERS: Buyer and Seller represent and warrant that no commissions or other payment is due to any broker or realtor as a result of this Contract.

11.     CLOSING COSTS: Buyer shall pay the cost of the Survey (if any), the premium for title insurance, recording fees, the attorneys' fees of Buyer, and all other costs and expenses

incurred by Buyer in consummating the purchase and sale of the Property pursuant hereto.  Seller shall pay the cost of the Title Commitment, including the cost of the examination of title to the Property made in connection therewith, and Seller's attorney's fees, including all fees and expenses necessary to obtain authorization from the Bankruptcy Court to consummate the sale contemplated herein.

12.    BREACH OF CONTRACT: Specific performance is the essence of this Contract, except as otherwise specifically provided for in Paragraph 5 and 16, and as further delineated below:

a.    In the event of breach of this Contract by Buyer, the Seller at his option may either (1) accept the Earnest Money as liquidated damages and this Contract shall then be null and void, or (2) enter suit in any court of competent jurisdiction for specific performance.

b.    In the event of breach of Contract by the Seller, the Buyer at its option may either (1) accept the return of the Earnest Money and cancel the Contract, or (2) enter suit for damages and/or specific performance in any court of competent jurisdiction.

c.    If it becomes necessary to insure the performance of the conditions of this Contract for either party to initiate litigation then the losing party agrees to pay reasonable attorney fees and court costs in connection therewith.

13.    DAMAGE BY FIRE, ETC.: Seller is responsible through closing.  Buyer responsible after closing.

14.    GENERAL PROVISIONS: Both parties agree that this Contract, unless subsequently amended in writing, contains the final and entire agreement between the parties hereto, and neither party shall be bound by any terms, conditions, oral statements, warranties, or representations not herein contained.

Neither party has relied upon any statement or representation not embodied in this Contract made by the other party or the sales representation not embodied in this Contract made by the other party or the sales representative bringing the parties together.  The provision of this Contract shall apply to and bind the heirs, executors, administrators, successors and assigns of the respective parties hereto.  This Contract may not be assigned without the written consent of all parties hereto.

15.    CONDITIONS OF CLOSING: Buyer's obligation to consummate the purchase of the Property shall be subject to the satisfaction or performance of the following terms and conditions:

a.    Seller shall have fully and completely kept, observed, performed, satisfied and complied with all terms, covenants, conditions, agreements, requirements, restrictions and provisions required by this Contract to be kept, observed, performed, satisfied or complied with by Seller before, on or as of the Closing;

b.    The representations and warranties of Seller in this Contract shall be true and correct, and certified by Seller to Buyer as such, on and as of the Closing, in the same manner and

with the same effect as though such representations and warranties had been made on and as of the date of Closing; and

        c.     Buyer shall have received all necessary approvals and permits, including but not limited to the City of Pearl, Rankin County and the State of Mississippi, for zoning and use of the Property and its site plan for the desired use of Buyer in its sole and absolute discretion.

        d.     Buyer shall have reached agreement(s) and/or resolution in its sole and absolute discretion regarding and any ingress and egress access issues related to the Property.

        e.     Buyer shall have reached agreement(s) and/or resolution in its sole and absolute discretion regarding any issues involving adjacent landowners or parcels.

        f.     Buyer shall have reached agreement(s) and/or resolution in its sole and absolute discretion regarding the simultaneous closing of the companion parcel.

        g.     Buyer shall not have terminated this Contract pursuant to an express right so to terminate set forth in this Contract.

If any of the foregoing conditions have not been satisfied or performed or waived in writing by Buyer on or as of the Closing date (as the same may be extended by Buyer pursuant to this Contract), Buyer shall have the right, at Buyer's option, either: (i) to terminate this Contract by giving written notice to Seller on or before the Closing date, with the Earnest Money returned to Buyer and all rights and obligations of Seller and Buyer under this Contract shall expire, and this Contract shall become null and void; or (ii) if such failure of condition constitutes a breach of representation or warranty by Seller, constitutes a failure by Seller to perform any of the terms, covenants, conditions, agreements, requirements, restrictions or provisions of this Contract, or otherwise constitutes a default by Seller under this Contract, to exercise such rights and remedies as may be provided for in this Contract.

16.    SPECIAL PROVISIONS:

        a.     Buyer shall have ninety (90) days from the final execution hereof to investigate the Property for its intended purposes, which inspection shall include, but not be limited to, title, survey, zoning, utilities, soil, topography, hazardous waste, marketing studies and any other matters deemed necessary by Buyer in its sole discretion. In addition, Seller hereby agrees to provide at least two thirty-day extensions to Buyer's investigation period if requested by Buyer (the initial term and any extensions hereinafter referred to as the "Due Diligence Period"). During the Due Diligence Period, Buyer shall notify Seller of any objectionable matters and Seller shall have ten (10) days to remove the objections. In the event Seller is unable to remove or provide adequate assurances to Buyers concerning these objections, Buyer, may at its option, elect to terminate this Contract or waive in writing the objection and proceed to closing pursuant Paragraph 5 herein above. Prior to the end of the Due Diligence Period and notwithstanding anything to the contrary contained in this Contract, Buyer may terminate its obligation to purchase the Property under this Contract for any or no reason by giving written notice to Seller and Escrow Agent of such termination.

b.      Buyer has the option of extending the Due Diligence Period until such time as the Bankruptcy Court has authorized the sale contemplated herein in a manner satisfactory to Buyer and Buyer's attorney in their sole discretion.

c.      Buyer and Seller agree that this transaction may be structured as an exchange under Section 1031 of the Internal Revenue Code.

d.      Buyer and Seller understand and agree that the costs associated with obtaining an acceptable order from the Bankruptcy Court and certain closing costs are to be paid by Seller at Closing from the Seller's proceeds.  In the event the transaction contemplated herein or the companion transaction fails to close for any reason, the Earnest Money, or a portion thereof, may be paid to Escrow Agent for services rendered to date except for an amount of $10.00 which shall remain with the Seller as consideration for the execution of this Contract.

e.      Buyer's obligations hereunder are contingent upon Buyer closing other companion parcel situated in close proximity to the Property, all of which property must close simultaneously.  In addition, in the event Seller agrees to sell any portion of their land or holdings and said conveyance appears to include a part of the Property that is the subject of this Contract as described in Paragraph 1 hereinabove, then in said event, Seller shall reserve such rights in any contract or conveyance such that Buyer's rights and the Property set forth hereinabove are protected and not adversely impacted or limited in any manner whatsoever and that no encroachment results from any contract or conveyance executed by Seller.

f.      Seller hereby agrees to cooperate with Buyer in any negotiations, applications or approvals with any governmental authority which may concern the Property, and upon the request of Buyer, Seller shall promptly execute all documents necessary or convenient to carry out the intent of this Contract.

g.      Seller hereby covenants that, from the execution date until and including the date of Closing, without Buyer's prior written consent, Seller shall: (i) not negotiate with any third party respecting the sale or lease of the Property or any interest therein, (ii) not grant or otherwise create or consent to the creation of any easement, restriction, lien, assessment, or encumbrance respecting the Property, and (iii) cause the Property to be operated, maintained, repaired and insured in the same manner as the Property is currently being operated, maintained, repaired and insured.

[Signature Page(s) to Follow]

WITNESS THE SIGNATURE OF THE SELLER, this the _____ day of September, 2017.

SELLER:

_____

**JUDY B. HALL, as attorney-in-fact for JOE BRASSELL, pursuant to that certain Power of Attorney dated November 18, 2015, recorded in Book 2015 at Page 2862, in the office of the Chancery Clerk of Rankin County, Mississippi**

_____

**JAMES BRASSELL**

_____

**JUDY B. HALL**

_____

**EILEEN N. SHAFFER,** Trustee and Attorney for the Bankruptcy Estate of Judy B. Hall, Case No. 11-03139-EE, in the United States Bankruptcy Court for the Southern District of Mississippi

WITNESS THE SIGNATURE OF THE BUYER, this the _____ day of September, 2017.

BUYER:

**HERITAGE HOSPITALITY GROUP, LLC,**
a Mississippi limited liability company,

By: _____

Name: _____

Its: _____

**EXHIBIT A**
**LEGAL DESCRIPTION**


*[see attached]*

E&I-14

1.04 acres

вок 594 раде 232

## QUITCLAIM DEED

FOR AND IN CONSIDERATION of the sum of Ten and no/100
Dollars ($10.00), cash in hand paid, and for other good and
valuable consideration, the receipt and sufficiency of all of which
is hereby acknowledged, I, BETTY BRASSELL, do hereby sell, convey
and quitclaim unto VIOLA S. MASSENGALE, all my right and interest
in the following described property situated in the County of
Rankin, State of Mississippi, and more particularly described as
follows, to-wit:

Beginning at the Southwest corner of the
Southeast Quarter of the Southwest Quarter of
Section 18, Township 5 North, Range 2 East, run
thence North along the West line of the SE¼ of
SW¼ section a distance of 141 feet to a point;
thence East along a line parallel to the south
line of the SE¼ of the SW¼ of said section to
the West line of the Jackson and Pearson public
road; thence in a Southeasterly direction along
the West line of said road to the South line
of the SE¼ of the SW¼ of said section; and
thence West along the South line of the SE¼ of
the SW¼ of said section to the Southwest corner
of the SE¼ of the SW¼ of said Section, the
point of beginning; the North line and the
South line of said lot or parcel of land are
parallel and 141 feet apart, said lot or parcel
of land being 141 feet wide from South to
North; said lot or parcel of land is a part of
the land that was conveyed to C.J. Spencer, now
deceased, by R.M. Lloyd and Mrs. R.M. Lloyd by
deed dated March 19, 1945, and recorded in the
office of the Chancery Clerk of said County in
Book 115, Page 356, reference to which is
hereby made as a part hereof in aid of this
description; the lot or parcel of land is
situated in the Southwest Quarter of the
Southwest Quarter of said Section 18, Township
5 North, Range 2 East, Rankin County,
Mississippi.

LESS AND EXCEPT:

Begin at the Southwest corner of SE¼ of SW¼ of
Section 18, Township 5 North, Range 2 East, go
North 3 degrees, 12 feet East 71 feet to iron
pin and point of beginning; from point of
beginning go North 3 degrees 12 feet East for
70 feet to iron pin, to South 89 degrees 17
feet for 746.7 feet parallel to South line of
Section 18 to an iron pin and westerly right-
of-way of Highway 468, go South 15 degrees 04
feet East along said right-of-way for 72.5 feet
to iron pin, go North 89 degrees 17 feet West
for 748 feet to point of beginning, containing
1.2 acres, more or less, in the SE¼ of SW¼ of
Section 18, Township 5 North, Range 2 East,
Rankin County, Mississippi.

1.04
acres

Shell
and Hotel

594 233

EXCEPTED FROM the warranty hereof is an, prior reservation of oil, gas and other minerals.

THIS CONVEYANCE is made subject to all applicable building restrictions, restrictive covenants and easements of record.

WITNESS MY SIGNATURE, this the 19th day of February, 1990.

_Betty Brassell_
BETTY BRASSELL

STATE OF MISSISSIPPI
COUNTY OF _Rankin_

PERSONALLY APPEARED BEFORE ME, the undersigned authority, in and for the aforesaid jurisdiction, BETTY BRASSELL, who, after being by me first duly sworn, acknowledged to me that she signed and delivered the above and foregoing Quitclaim Deed on the date and year therein mentioned as her own true act and deed.

GIVEN UNDER MY HAND AND OFFICIAL SEAL, this the 19th day of February, 1990.

_____
NOTARY PUBLIC

My Commission Expires:

My Commission Expires Oct 11 1993

GRANTOR'S ADDRESS:

BETTY BRASSELL
109 South Pearson Road
Pearl, Mississippi 39208
Telephone: (601) 939-6033

GRANTEE'S ADDRESS:

VIOLA B. MASSENGALE
109 South Pearson Road
Pearl, Mississippi 39208
Telephone: (601) 939-6035



Book 2013 Page 4731
DEED
03/13/2013 08:26:41 AM

## EXHIBIT C

**EASEMENT AREA:**                                        *alley and cell tower*

Property located in the southwest quarter of the southeast quarter of Section 18, Township 5 North, Range 2 East, Rankin County, Mississippi, being described as follows:

Beginning at a concrete monument found at the southwest corner of Crown Castle's tower easement area being at the southeast corner of Melvin Place Subdivision, Part 3, of record in Plat Book 4, Page 12, of the Chancery Clerk's Office of Rankin County, Mississippi, said concrete monument also being at the southwest corner of the southeast quarter of Section 18, Township 5 North, Range 2 East, Rankin County, Mississippi;

Thence, with the east margin of said Melvin Place Subdivision, North 2 degrees 13 minutes 55 seconds East, 57.17 feet to an iron pin set at the northwest corner of Crown Castle's tower easement area.

Thence, leaving the east margin of said Melvin Place Subdivision, South 89 degrees 54 minutes 20 seconds East, 56.00 feet to an iron pin set at the northeast corner of Crown Castle's tower easement area

Thence, South 2 degrees 13 minutes 55 seconds West, 57.21 feet to an iron pin set at the southeast corner of Crown Castle's tower easement, said iron pin being in the south margin of said Section 18, Township 5 North, Range 2 East.

Thence, with the south margin of said section line, North 89 degrees 52 minutes 02 seconds West, 56.00 feet to the point of beginning, containing 3,200 square feet (0.073 acres)

**TOGETHER WITH:**
**ACCESS & UTILITY EASEMENT**

Property located in the southwest quarter of the southeast quarter of Section 18, and the northwest quarter of the northeast quarter of Section 19, Township 5 North, Range 2 East, Rankin County, Mississippi, being described as follows:

Beginning at an iron pin set at the southeast corner of Crown Castle's tower easement area, said iron pin being South 89 degrees 52 minutes 02 seconds East, 56.00 feet from a concrete monument found at the southwest corner of the southeast quarter of Section 18, Township 5 North, Range 2 East, Rankin County, Mississippi.

Thence, with the east margin of Crown Castle's tower easement area, North 2 degrees 13 minutes 55 seconds East, 57.21 feet to an iron pin set at the northeast corner of Crown Castle's tower easement area

Thence, leaving Crown Castle's tower easement area, South 89 degrees 54 minutes 20 seconds East, 20.01 feet to a point;

Thence, South 2 degrees 13 minutes 55 seconds West, 37.21 feet to a point:

Thence, South 89 degrees 52 minutes 02 seconds East, 302.73 feet to a point

Thence, South 00 degrees 03 minutes 00 seconds East, 336.34 feet to a point in the north margin of Riverwood Drive;

Thence, with the north margin of Riverwood Drive, South 85 degrees 00 minutes 27 seconds West, 20.08 feet to a point.

Thence, leaving the north margin of Riverwood Drive, North 00 degrees 03 minutes 00 seconds West, 318.13 feet to a point.

Thence, North 89 degrees 52 [...] West, 303.54 feet to the point of beginning, containing 13,552 square feet (0.311 acres)

19896536.1
RL/# 809497, PEARL M-MS-061-152

C-1

Rankin County
filed for record in my office this instrument was [...]
on 03/13/2013 08:26:41 AM
and recorded in the
DEED
Book 2013 Page 4718 - 4731
Larry Swales, Chancery Clerk

11-03139-NPO   Dkt 875   Filed 12/15/17   Entered 12/15/17 15:48:09   Page 16 of 22

15-00049   Dkt 1   Filed 07/23/15   Entered 07/23/15 09:25:16   Page 4 of 6
Case: 61CH1:10-cv-02094   Document #: 60-1   Filed: 07/23/2015   Page 4 of 6

Judy Hall and Joe Ben Brassell jointly own[6] a tract of property in Rankin County, Mississippi, commonly described as a **"ditch"**.

16.     The Rankin County Tax Assessor's office has assessed a value of said property to be $20,540.00. A true and correct copy of the legal description for said property is attached hereto and incorporated herein as **Exhibit "A"**.

17.     There are no known liens on said property.

18.     Upon information and belief, said tract of property was not disclosed in Judy Hall's schedules, nor amended schedules.

*Includes Riley*

**COUNT II.**

**Estate of Betty Brassell**

A.     **A tract of real property located in Rankin County, Mississippi comprising of .32 acres, more or less.**

19.     That Judy Hall, Joe Ben Brassell, and James Alton Brassell each have an undivided one-third interest in said property.

20.     The Rankin County Tax Assessor's office has assessed a value of said property to be $49,060.00. A true and correct copy of the legal description of said property is attached hereto and incorporated herein as **Exhibit "B"**.

B.     **Property located at 4211 Lakeshore Drive South, Pearl, Mississippi.**

21.     Said property was previously the residence of Betty Brassell. A true and correct copy of the legal description is attached hereto and incorporated herein as **Exhibit "C"**.

22.     That Judy Hall, Joe Ben Brassell and James Alton Brassell each have an undivided one-third interest in said property.

23.     That the Rankin County Tax Assessor's office has assessed a value of said property to be

---

[6] Title is vested in Joe Ben Brassell and Judy B. Hall, as tenants in common by virtue of a Quitclaim Deed from Bennett Tax Company, Inc., dated September 2, 2010, filed on September 8, 2011, recorded in Book 2011, Page 21574.

4

Parcel E8E-23:

A parcel of real property located wholly within Rankin County, Mississippi, described as follows:

See Exhibit "A-1" Attached hereto (as described in Deed Book 743 at Page 216).

Less and Except the real property described in the following instruments recorded in the land records of Rankin County, Mississippi: Book 820 at Page 70; Book 820 at Page 76; Book 830 at Page 611; Book 822 at Page 63; Book 780 at Page 676; Book 830 at Page 605; Book 749 at Page 94; Book 746 at Page 173; Book 749 at Page 114; Book 775 at Page 140; Book 767 at Page 169; Book 767 at Page 302; and Book 753 at Page 324.

EXHIBIT "A"

BOOK 743 PAGE 220

### LEGAL DESCRIPTION OF SURVEYED PREMISES
### 39.73 ACRES LOCATED
### IN THE NORTH HALF OF THE NORTHWEST QUARTER
### SECTION 19, TOWNSHIP 5 NORTH, RANGE 2 EAST
### CITY OF PEARL, RANKIN COUNTY

Begin at the following described point: The point of intersection of the west line of the Northwest Quarter of the Northwest Quarter of Section 19, Township 5 North, Range 2 East, Rankin County, Mississippi, with the north right-of-way line of Interstate Highway 20 (Federal Aid Project No. I-IG-20-1 (17) 44); said point being 150.0' North 00° 40' 54" East of Station 212+86 on the center line survey of said interstate highway and 348.0' North 00° 35' 48" East of the southwest corner of said Northwest Quarter of the Northwest Quarter of Section 19; and said point of beginning being also the northwest corner of that certain 27.69 acre parcel of land acquired by the State Highway Commission of Mississippi by deed filed for record in Book 262 at Page 107 in the office of the Chancery Clerk of Rankin County, Mississippi, at Brandon, Mississippi, reference to which is made in aid of and as a part of this description.

From said Point of Beginning, run thence North 00° 35' 36" East for a distance of 85.86' to an iron pin at the northeast corner of that certain 0.32 acre parcel of land acquired by Lamar Outdoor Advertising, Inc. by deed filed for record in Book 381 at Page 522 in the office of said Chancery Clerk; run thence North 00° 59' 00" East for a distance of 867.79' to a point on the south boundary of Melvin Place Subdivision, Part 6-A, according to a map or plat of which is filed for record in Plat Book 6 at Page 34 in the office of said Chancery Clerk, reference to which is hereby made for all purposes; run thence as follows along the south boundary of said Melvin Place Subdivision, Part 6-A, and along the south boundary of Melvin Place Subdivision, Part 5, according to a map or plat thereof which is filed for record in Plat Book 6 at Page 2 in the office of said Chancery Clerk; and along the south boundary of Melvin Place Subdivision, Part 3, according to a map or plat thereof which is filed for record in Plat Book 4 at Page 13 in the office of said Chancery Clerk; run thence North 89° 16' 33" East for a distance of 118.58' to a point; run thence South 89° 37' 00" East for a distance of 105.0' to a point; run thence South 88° 49' 00" East for a distance of 77.09' to a point; run thence South 89° 03' 00" East for a distance of 77.18' to a point; run thence South 90° 00' 00" East for a distance of 142.30' to a point; run thence South 89° 27' 02" East for a distance of 160.68' to a point; run thence South 89° 52' 21" East for a distance of 403.36' to a point on the west right-of-way line of Greer Drive, as said street is shown on the said plat of Melvin Place Subdivision, Part 3; run thence South 89° 52' 21" East for a distance of 50.03' to a point on the east right-of-way line of said Greer Drive; run thence South 89° 52'

1

BOOK 743 PAGE 221

21" East for a distance of 135.05' to a concrete monument at the southeast corner of said Kolvin Place Subdivision, Part 3; run thence South 89° 53' 03" East for a distance of 786.87' to a point on the West right-of-way line of Mississippi Highway 468 (Pearson Road), as said West right-of-way line was established by the acquisition of said 27.69 acre parcel of land by the State Highway Commission of Mississippi; run thence as follows along the west and north boundary of said 27.69 acre parcel of land (which boundary is the west and north right-of-way of said Mississippi Highway 468 and said Interstate Highway 20, respectively) as follows: run thence South 19° 03' 35" East for a distance of 24.93' to a point; run thence South 15° 36' 25" East for a distance of 103.73' to a point; run thence South 03° 40' 59" West for a distance of 105.99' to a point that is 135' westerly from and perpendicular to Station 38+94.86 on the center line of said Mississippi Highway 468; run thence South 10° 34' 14" West for a distance of 344.03' to a point which is 265' westerly from and perpendicular to Station 33+95 on said center line of Mississippi Highway 468; run thence South 65° 37' 02" West for a distance of 579.51' to a point which is 320' northerly from and perpendicular to Station 328+00 on the center line of said Interstate Highway 20; run thence South 79° 44' 04" West for a distance of 1,065.52' to a point which is 150' northerly from and perpendicular to Station 317+34.70 on the center line of said Interstate Highway 20; said point on said center line being the B.T. of a transition spiral curve which has a central angle of 46° 39', a spiral angle of 05° 00', a degree of curvature of 03° 00', a tangent distance of 1,335.53', and a spiral length of 200.0'; run thence along a line which is 150' northerly and parallel to said center line of Interstate Highway 20 for a distance of 431.59', more or less (chord bearing and distances: South 84° 09' 32" West, 194.75; South 80° 00' 01" West, 236.78') to the point of beginning.

The above described parcel of property contains 38.73 acres, more or less, and is located in the North Half (N 1/2) of the Northwest Quarter (NW 1/4) of Section 19, Township 5 North, Range 2 East, Rankin County, Mississippi. Bearings used in this description were taken from the right-of-way plans for said Interstate Highway 20.

SIGNED FOR IDENTIFICATION:

_____     _____
RODOLPHINE L. MORRIS          LINTON L. MORRIS



## EXHIBIT B
## DEPICTION OF PROPERTY





SURVEY SHOWING:

CERTAIN PROPERTIES

SITUATED IN SE 1/4 SW 1/4 SEC 18,
T-5-N, R-2-E,
RANKIN COUNTY, MS